IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC WELCH,

    Petitioner,

vs.                                      Case No. 17-cv-0478-DRH

WILLIAM TRUE,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Eric Welch, currently incarcerated in the United States Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence under 18 U.S.C. § 2252A(b)(2) based on a prior 2000 conviction in Michigan for attempted Misdemeanor Fourth-Degree Criminal Sexual Conduct. (Doc.1, p. 2); *United States v. Welch*, No. 2:10-cr-0008-RAED (W.D. Mich.) ("criminal case"). The Petition was filed on May 8, 2017. (Doc. 1).

Petitioner was sentenced to 168 months' imprisonment on December 20, 2010 after a jury trial. (Criminal Case, Doc. 59). Previously, Petitioner filed a direct appeal, which was denied on October 20, 2011. (Doc. 1, pp. 2-3). Petitioner's writ for certiorari was also denied. (Doc. 1, p. 3). Petitioner also filed a Motion pursuant to 28 U.S.C. § 2255 seeking collateral review of his sentence. *Id.* He also filed motions attacking the judgment. *Id.* The district court denied

the motions and denied a certificate of appeal ("COA"). *Id.* The Sixth Circuit likewise denied a COA. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner asks that he be resentenced without the 10 year mandatory minimum imposed by 18 U.S.C. § 2252A(b)(2) and the level 5 enhancement imposed by USSG § 2G2.2(b)(5). (Doc. 1, p. 31). He argues that the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016) applies and invalidates his sentence. (Doc. 1, p. 31). Specifically, Petitioner argues that the Michigan state statute which served as a predicate offense for the purposes of § 2252A and § 2G2.2(b)(5) defines "sexual contact" more broadly than under federal law. (Doc. 1, p. 13). Thus, Petitioner argues that the state conviction should not have been considered pursuant to federal law and the sentencing guidelines. *Id.*

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this

remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires a petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has alleged that he has already filed a motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*,

719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

In his attempt to trigger application of the savings clause, Petitioner relies on a number of cases: *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016); *United States v. Dahl.*, 833 F.3d 345 (3d Cir. 2016); *Kirk v. United States*, No. 4:05-cr-520-GHD-DAS, 2016 WL 6476963 (N.D. Miss. November 1, 2016), and other cases applying *Mathis*. *Mathis* addresses the "enumerated clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); specifically it addresses what test a court should apply when determining whether a state conviction falls within the enumerated crimes clause.

Although the Petition discusses other cases, *Mathis* is the only case that is relevant to the determination on whether the savings clause has been triggered. The Court finds that *Mathis* is inapposite here because it addresses the Armed Career Criminal Act, 136 S.Ct. 2243 (U.S. 2016), and, by extension, the sentencing guidelines on armed career criminals located at U.S.S.G. § 4B1.2(b). Other courts that have addressed this issue have found that *Mathis* is not relevant. *See United States v. Mayokok*, 854 F.3d 987, 993 n. 2 (8th Cir. 2017) (suggesting not only that *Mathis* may not be relevant to § 2252 but that the language in that section significantly differs from the relevant language the Court analyzed in the ACCA); *see also Bueno v. United States*, No. 16-cv-680, 2017 WL 193495 at *10 (E.D. Vir. January 17, 2017). Petitioner was not sentenced under the ACCA or § 4B1.2(b). He was sentencing for violating 18 U.S.C. §§

2252A(a)(5)(B) and (b)(2); further his sentence was enhanced pursuant to U.S.S.G. § 2G2.2(b)(5). *Mathis* did not address the underlying statute or the guideline at issue here.

Petitioner's citation to other case law in an attempt to demonstrate the wide application of *Mathis* is also unavailing. *Dahl* is not binding precedent in this circuit, and more to the point, it analyzed the career sexual offender guideline, § 4B1.5, not § 2G2.2(b)(5). 833 F.3d 345, 349 (3d Cir. 2016). *Kirk* is likewise unavailing, as it is a decision of a court outside this circuit and an analysis of the ACCA, which is not at issue here. Plaintiff's other citations do not address crimes similar to his predicate crime.

Plaintiff has not demonstrated that the savings clause has been triggered here because *Mathis* is not relevant to his situation. Accordingly, the Court will dismiss this case with prejudice.

## **Disposition**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his

appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 16, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.06.16 11:57:16 -05'00'

**United States District Judge**